# United States Bankruptcy Court
## Northern District of Ohio

In re **Leonard V Cox / Jane A Cox**
Debtor(s)

Case No. **10-35997**
Chapter **13**

# CHAPTER 13 PLAN - AMENDED

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,147.00** per month for **60** months.

   Total of plan payments: **$68,820.00**

2. Plan Length: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee: **10.00%**
   (2) Attorney's Fee (unpaid portion): **$700.00 to be paid through plan in monthly payments**
   (3) Filing Fee (unpaid portion): **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            Claimant and proposed treatment: **-NONE-**

      (2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

  c.  Secured Claims

      (1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| -NONE- | | |

      (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

          (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Hsbc/Bstby** | **1,000.00** | **500.00** | **0.00%** |

          (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

      (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

  d.  Unsecured Claims

      (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

      (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **58** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

6.  The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Citimortgage Inc** | **91,000.00** | **0.00** | **0.00%** |

7.  The employer on whom the Court will be requested to order payment withheld from earnings is:
**NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | **Gmac Mortgage** | **21,899.00** | **Single family home located at 25 Park Avenue, Norwalk, OH 44857** |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **Debtors assume the cell phone contract**

    **GMAC 2nd mortgage will be stripped and paid along with other unsecured creditors**

    **Debtors propose to pay $1147.00 per month for 60 months which is indicative of the average monthly DMI for an entire year. Income fluctuates substantially during the year, with a significant decline over the winter months.**

Date **October 26, 2010**   Signature  **/s/ Leonard V Cox**
                                       **Leonard V Cox**
                                       Debtor

Date **October 26, 2010**   Signature  **/s/ Jane A Cox**
                                       **Jane A Cox**
                                       Joint Debtor

# United States Bankruptcy Court
## Northern District of Ohio
### Western Division

| | | | |
|---|---|---|---|
| In re | Leonard Cox<br>Jane Cox | Case No. | 10-35997 |
| | Debtor(s) | Chapter | 13 |
| | | Judge | Whipple |

# AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:

Chapter 13 Plan

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of *an Amended Chapter 13 Plan* and that it is true and correct to the best of my knowledge, information and belief.

Date: October 26, 2010

/s/ Leonard Cox_____
/s/ Jane Cox_____
Leonard & Jane Cox, Debtors

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows:

Chase
P.O. Box 15298
Wilmington, DE 19850


Citi
Po Box 6241
Sioux Falls, SD 57117


Citi
Po Box 6497
Sioux Falls, SD 57117


Citifinancial
300 Saint Paul Pl
Baltimore, MD 21202

Citimortgage Inc
Po Box 9438
Gaithersburg, MD 20898


Corporate Receivables Inc
P.O. Box 32995
Phoenix, AZ 85064-2995


Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850


Erin A. Jochim
Lerner, Samson, & Rothfuss
PO Box 5480
Cincinnati, OH 45201-5480


Gemb/Care Credit
Po Box 981439
El Paso, TX 79998


Gemb/Jcp
Po Box 984100
El Paso, TX 79998


Gemb/Sams
Po Box 981400
El Paso, TX 79998


Gmac Mortgage
3451 Hammond Ave
Waterloo, IA 50702


Hsbc Bank
Po Box 5253
Carol Stream, IL 60197


Hsbc/Bstby
Pob 15521
Wilmington, DE 19805

HSN
PO Box 659707
San Antonio, TX 78265-9707

John P. Gustafson
316 N. Michigan Street
Toledo Bldg. # 501
Toledo, OH 43624

Leonard and Jane Cox
25 Park Avenue
Norwalk, OH 44857

National City Card Ser
1 National City Pkwy
Kalamazoo, MI 49009

Office of the U.S. Trustee
Howard Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114

Wfcb/Hsn
995 W 122nd Ave
Westminster, CO 80234

| Date: | October 26, 2010 | /s/ Adrienne M. Hines |
|---|---|---|
| | | Adrienne M. Hines 0067248 |
| | | Attorney for Debtor(s) |
| | | Calhoun, Kademenos, & Childress, Co. L.P.A. |
| | | 502 W. Washington St. |
| | | Sandusky, OH 44870-2241 |
| | | (419) 625-7770 Fax:(419) 525-9476 |
| | | lauriet@ckhlaw.com |